IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FUTURE PROOF BRANDS, LLC,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. 1:20-cv-144 |
| | § | JURY TRIAL DEMANDED |
| **MOLSON COORS BEVERAGE COMPANY F/K/A MOLSON COORS BREWING COMPANY and MILLERCOORS LLC,** | § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Future Proof Brands, LLC (hereinafter, "Future Proof" or "Plaintiff") files its Original Complaint against Defendants Molson Coors Beverage Company f/k/a/ Molson Coors Brewing Company and MillerCoors LLC (together, "MillerCoors" or "Defendants").

## INTRODUCTION

1. Plaintiff brings this trademark action to halt MillerCoors's unlawful campaign to launch "Vizzy," a hard seltzer product with a name that is nearly identical to "Brizzy," a premium hard seltzer product developed and launched by Austin-local Future Proof in 2019. The founders of Future Proof – Justin Fenchel, Brad Schultz, and Aimy Steadman – have had tremendous success in developing new and innovative beverage products for millennial drinkers. They successfully pitched BeatBox, a different Future Proof product, on the popular Shark Tank television show, and walked away with a $1 million investment from Mark Cuban.

2. Hoping to capitalize on the growing market for hard seltzer products and its prior successes, Future Proof invested a significant amount of time, money, and creative energy to develop a new premium hard seltzer product, "Brizzy." To protect its investment and the catchy

and unique name for this product, Future Proof sought and obtained a federal trademark registration for BRIZZY (Registration No. 5,933,791).

3. Miller Coors Brewing Company is a multinational beer conglomerate formed after a series of mergers involving Coors, Miller, and the Canadian brewing giant Molson. MillerCoors also sought to capitalize on the growing hard seltzer market. But of all of the possible names for its new product, MillerCoors chose VIZZY, a name that is nearly identical to BRIZZY in sight, sound, and appearance. Worse, MillerCoors and its executives were keenly aware of Future Proof's prior use of the BRIZZY mark. In fact, MillerCoors conceded in recent press clippings that it had reviewed Future Proof's website, knew about Future Proof's use of the BRIZZY mark, and the distribution of the Brizzy® products in the market. In spite of this knowledge, MillerCoors chose a nearly identical name for its competing hard seltzer product.

4. MillerCoors recently stepped up its marketing efforts, has been advertising its products using the VIZZY mark to distributors and consumers in Austin and elsewhere, and has announced the imminent launch of these products nationwide. By adopting the VIZZY mark for its hard seltzer products, MillerCoors's use will cause confusion among Plaintiff's customers and in the market in general. Upon information and belief, MillerCoors intends to market and sell its confusingly-named product in the same markets and in the same distribution channels as the Brizzy® products and at a similar price point. Indeed, MillerCoors recently touted Vizzy to leaders in the beer industry at the Beer Business Daily Conference in Palm Beach, Florida. MillerCoor's marketing efforts have already caused confusion; indeed, distributors have already mistakenly asked Future Proof when "its" VIZZY product would launch.

5. Future Proof welcomes legitimate competition, but MillerCoors's conduct crosses the line and violates the basic tenets of fair competition. By adopting the VIZZY mark,

MillerCoors intentionally seeks to sow confusion in the marketplace and misappropriate for itself all of the goodwill, innovation, investment, and marketing that Future Proof worked so hard to obtain for itself. Future Proof intends to seek expedited discovery in aid of a preliminary injunction, a preliminary injunction, permanent injunctive relief, declaratory relief, costs, and attorneys' fees, among other remedies.

## PARTIES

6. Plaintiff Future Proof Brands, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business at PO BOX 150397 Austin, Texas 78715. Future Proof is the owner of the registered trademark BRIZZY.

7. Defendant Molson Coors Beverage Company is a multinational beer conglomerate. Upon information and belief, Molson Coors is a Delaware Corporation with its principle place of business at 1801 California Street, Suite 4600, Denver, Colorado.

8. Upon information and belief, Defendant MillerCoors LLC is the United States operating arm of Molson Coors Beverage Company. MillerCoors LLC is a Delaware limited liability company with its principle place of business at 250 S. Wacker Drive, Suite 800, Chicago, Illinois. Upon information and belief, MillerCoors is a wholly-owned subsidiary of Molson Coors Beverage Company. Upon further information and belief, Defendants operate under a unified management structure controlled and directed by Molson Coors Beverage Company. Each Defendant acted in concert with the other Defendant and aided, abetted, directed, approved, and/or ratified each act or omission alleged in this Complaint to have been performed by Defendants.

## JURISDICTION AND VENUE

9. This action arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq.,* and the DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338. The Court has original jurisdiction over the state law claims in this action under 28 U.S.C. § 1367(a) and the principles of supplemental jurisdiction.

10. This Court possesses personal jurisdiction over Defendant Molson Coors Beverage Company because it regularly and continuously transacts business in the State of Texas by advertising and selling its products in the State and this District, including by advertising and soliciting sales of the infringing Vizzy products in this State and this District.

11. This Court possesses personal jurisdiction over MillerCoors LLC because it regularly and continuously transacts business in the State of Texas by advertising and selling its products in this State and this District, including by advertising and soliciting sales of the infringing Vizzy products in this State and this District.

12. In addition, this Court possesses personal jurisdiction over Defendants because, on information and belief, Defendants have targeted their tortious conduct at the State of Texas and this District. Defendants either expected or reasonably should have expected that their activities would cause harm to Future Proof in this District.

13. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District. Future Proof's primary place of business is in this District, and it regularly conducts business here.

## FACTS

14. Inspired by the entrepreneurial spirit of Austin, Texas, and united through a love of music, the founders of Future Proof sought to develop innovative alcoholic beverages for "the next generation of drinkers." In 2014, only one year after its founding, the three young founders of what is now known as Future Proof – Justin Fenchel, Brad Schultz, and Aimy Steadman – pitched their beverage business, BeatBox, on the popular Shark Tank television show. They later walked away with a $1 million investment from Mark Cuban, which was one of the biggest investments the show had made at the time.

15. Future Proof quickly developed a reputation in the industry and with its customers as a company that creates innovative and distinctive products for the millennial consumer. Since Shark Tank, these young entrepreneurs have used Mr. Cuban's investment, as well as the investment of others, to grow the business, expand its distribution, and to launch additional, innovative products in high-growth beverage categories.

16. The meteoric rise of the hard seltzer category has been nothing short of a phenomenon across the US beverage industry. Within the last decade, hard seltzers have grown to account for nearly half of all US mixed drinks and have led to massive innovation within the flavored malt beverage, wine, and spirit-based ready-to-drink sparkling beverages.

17. Hoping to ride this trend and to capitalize on its prior successes in the market, Future Proof teamed up with renowned mixologist Terance Robson in 2018 to create "Brizzy," a premium, cocktail inspired hard seltzer beverage. A flavor-forward take on the hard seltzer phenomenon, the Brizzy® product looks to add value to the nearly $2.5 billion hard seltzer category by drawing in consumers from the craft beer and cocktail segments.

18. On September 1, 2019, Future Proof launched the Brizzy® product line with three mixology infused flavors: Watermelon Mule, Mixed Berry Mojito, and Strawberry Rose. As Robson, winner of The Garrison Brother's 2019 "Best Bartender in Texas" competition, noted, "there were a couple of important factors when determining the flavors. The most important aspect of the Brizzy flavor profiles was balance. Brizzy is not too sweet, not too sour – hitting that perfect balance as you want people to be able to have more than one." Future Proof later added a fourth flavor to the Brizzy® product line: Blood Orange Mimosa.

19. Future Proof partnered with H-E-B, where the Brizzy® products are now available to consumers at approximately 200 H-E-B locations in Texas. In addition, the Brizzy® products can be found in approximately 200 Circle K stores, 12 Kroger's stores, and over 500 other locations. In the first ninety days after their launch, the Brizzy® products have been purchased by over 1,000 retail locations across four states. And this growth is expected to continue, with more retail locations in more states anticipated throughout 2020. Sales of the Brizzy® products are projected to eclipse $2,000,000.00 in revenue in the products' first 12 months of existence.

20. To promote and protect its intellectual property rights, Future Proof registered the BRIZZY mark with the United States Patent and Trademark Office (Trademark Registration No. 5,933,791). As a result, Future Proof is the owner of exclusive rights in the BRIZZY mark for use on "alcoholic beverages, except beer; alcoholic fruit cocktail drinks; [and] prepared alcoholic cocktails." Future Proof's trademark registration is valid, subsisting, and in full force and effect. Pursuant to 15 U.S.C. § 1115, Future Proof's registration constitutes *prima facie* evidence of its ownership of the mark and of its exclusive right to use the mark in commerce in connection with

the sale and distribution of alcoholic beverages, alcoholic fruit cocktail drinks, and prepared alcoholic cocktails.

21. Future Proof actively uses and markets the BRIZZY mark in commerce throughout the United States, including in Texas, South Carolina, Georgia, and Michigan. Future Proof uses the BRIZZY mark in connection with the advertisement and sale of its hard seltzer products, including products depicted below:



22. The Brizzy® products are popular with consumers. Future Proof has sold over 10,000 cases of the Brizzy® products since September 2019 alone. Current forecasts for revenue associated with the Brizzy® products in 2020 exceed $2,500,000, which include new retail locations in Kansas, Virginia, California, and North Carolina. As a result of Future Proof's continuous and exclusive use of the BRIZZY mark, its reputation for quality, and its sales and recognition in the marketplace, Future Proof's BRIZZY mark has acquired substantial value and goodwill.

23. Future Proof has used the BRIZZY mark in commerce in connection with the sale of alcoholic beverages since September 2019. Future Proof filed its trademark application for

BRIZZY on November 30, 2018, almost a year before the launch of the products, and MillerCoors had constructive (if not actual) knowledge of Future Proof's use as of that date.

24. Indeed, the Brizzy® products were well-recognized and inherently distinctive long before Defendants' use and imminent entrance into the market in connection with its competing hard seltzer products. The goodwill associated with the BRIZZY mark is a valuable asset to Future Proof, and Future Proof has expended great effort and considerable resources in promoting its products using the BRIZZY mark.

25. Defendants have also sought to capture a piece of the booming hard seltzer market. To this end, Defendants recently announced that they are investing "millions" in their new brand called "Vizzy," a product they intend to launch across the United States in March 2020, using a product name and concept that is nearly identical to Future Proof's Brizzy® product. Defendant has released the following images of its Vizzy products:



26. Although MillerCoors has publicized its intent to launch Vizzy in March, it has already marketed its product extensively in various national publications and at industry

conferences using the VIZZY mark. As Dilini Fernando stated in press related to Vizzy, "[w]e're moving fast and furious," hoping "we're catching this trend at the right time." According to Fernando, MillerCoors also intends to launch a massive media blitz at the same time the Vizzy product hits the shelves, which it represented will include national television advertisements, digital marketing, and social and out-of-home advertising. Again, according to Fernando, the Vizzy product has already secured major retail support at national and regional chains. Sofia Colucci, Vice President of Innovation at MillerCoors, said "Vizzy is a key part of [MillerCoors's] plan to double-down on seltzers and come in with differentiated and consumer-relevant propositions." As she put it, "[t]here's nothing else like it."

27. But unfortunately for MillerCoors, there was – and is – something else like it already on the market – namely, Future Proof's Brizzy® hard seltzer products. MillerCoors and its executives were keenly aware of Future Proof's use of the BRIZZY mark when they launched their recent media blitz. In a recent quote for Beer Business Daily, MillerCoors conceded having reviewed Future Proof's website and acknowledged that Future Proof's Brizzy® products were *already* in distribution when MillerCoors decided on the Vizzy name. Upon further information and belief, Defendants had also reviewed and were aware of Future Proof's catchy unique Brizzy name and product packaging, its distribution network, and its then-pending (and later registered) trademark, but nevertheless decided to launch a competing product using a confusingly similar name.

28. Defendants' use of the nearly identical VIZZY mark to sell a competing hard seltzer product is likely to confuse consumers into believing that MillerCoors's products are made by, sponsored by, connected with, endorsed by, or otherwise affiliated with Future Proof's Brizzy® products. MillerCoors's deliberate infringement is likely to succeed in causing

consumer confusion. Not only is MillerCoors's VIZZY mark substantially identical to Future Proof's BRIZZY mark, but MillerCoors intends its hard seltzer products to compete head-to-head with Future Proof's Brizzy® hard seltzer products in store aisles, bars, and in restaurants.

29. In this market, consumers typically make quick decisions between various hard seltzer products in a crowded array, and the effects of even initial confusion are likely to be substantial. *See e.g., CytoSport, Inc. v. Vital Pharm., Inc*., 617 F. Supp. 2d 1051, 1076 (E.D. Cal.), aff'd, 348 F. App'x 288 (9th Cir. 2009) ("In this case, the RTD protein products at issue are inexpensive items in which consumers are less likely to use particular care in selecting a specific protein drink. As such, there is a higher risk of consumer confusion. A single-serve RTD MUSCLE MILK® product retails on average between $3.00 and $5.00."). Worse, consumer confusion is just as likely outside of the grocery and liquor stores because the two companies use nearly identical distribution and marketing channels, with Future Proof and MillerCoors sharing the same distributors in many areas of the country.

30. Defendants' media blitz and their sales and marketing efforts have *already* caused significant confusion in the market, even before the product has been official launched into the market. During the companies' annual sales meetings at the end of 2019, MillerCoors' wholesalers expressed confusion about the two products to both MillerCoors and Future Proof. In addition, Future Proof has received calls from distributors asking about the release of Vizzy, a product Future Proof (obviously) does not market or sell.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

31. Future Proof incorporates by reference all of the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

32. Future Proof owns all right, title, and interest in the registered trademark BRIZZY, which it has continuously used in commerce since at least September 2019, and for which its date of constructive first use is November 30, 2018.

33. Defendants' unauthorized use in commerce of the VIZZY mark infringes Plaintiff's rights in the BRIZZY mark and violates 15 U.S.C. 1114 because it renders Defendants' product confusingly similar to the products associated with Future Proof's well-known BRIZZY mark. The word "Vizzy" is, in aural and visual impression, so similar to the word "Brizzy" that it will cause confusion in the marketplace. Defendants' unauthorized use of the VIZZY mark creates the erroneous impression in consumers' minds that Defendants' product has been manufactured, approved, sponsored, endorsed, or guaranteed by, or is in some way affiliated with Future Proof and the BRIZZY mark.

34. There can be no reasonable dispute that MillerCoors's use of the VIZZY mark will cause a likelihood of confusion. In the Fifth Circuit, likelihood of confusion is typically analyzed by reference to eight digits of confusion: "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) (internal citations and quotation marks omitted). However, "[t]he absence or presence of any one factor ordinarily is not dispositive; indeed, a finding of likelihood of confusion need not be supported even by a majority of the . . . factors." *Id.* Defendants' actions constitute infringement under all of these factors.

35. For all of the reasons stated above, Future Proof's BRIZZY mark is inherently distinctive and commercially strong.

36. Defendants' infringing VIZZY mark is a near-verbatim copy of Future Proof's BRIZZY mark. Where, as here, a defendant uses a plaintiff's exact mark or a nearly identical mark, "a thorough analysis of the digits of confusion is unnecessary, and a presumption of confusion exists." *Choice,* 940 F. Supp.2d at 540 (citing *Paulsson Geographic Servs., Inc. v. Sigmar*, 529 F.3d 303, 310-11 (5th Cir. 2008)); *TGI Friday's Inc. v. Great Nw. Rests., Inc.*, 652 F. Supp. 2d 763, 767 (N.D. Tex. 2009); *Petro Franch. Sys., LLC v. All Am. Props., Inc.*, 607 F. Supp. 2d 781, 788 (W.D. Tex. 2009); *Top Tobacco, L.P. v. Thobani*, No. 3:19-cv-275, 2019 WL 5085423 at *2 (E.D. Va. Oct. 10, 2019) ("Because the defendants sold cigarette rolling papers with marks *nearly identical* to the TOP and JOB marks, the plaintiffs receive a presumption of confusion.") (emphasis added).

37. The Brizzy® and Vizzy products are both hard seltzer products and will compete head-to-head in the same markets and distribution channels. Similarly, the Brizzy® and Vizzy products will compete for end-user customers in a high-velocity market where the impact of consumer confusion is high and the degree of care exercised by consumers is typically low.

38. The aural similarity in the names of the Brizzy® and Vizzy products is particularly relevant because a consumer who orders a Brizzy® product by name only in a crowded bar or restaurant may not have the opportunity to scrutinize the package of the beverage she is ultimately served. A bartender or waiter may thus serve a Vizzy product in error when a customer orders a Brizzy® product.

39. Future Proof and MillerCoors also advertise in the same or similar mediums, including across all social media platforms, national regional and local events, in store tasting, bar events, and more.

40. Defendants' high blitz media campaign has already caused actual confusion in the marketplace among wholesalers, distributors, and customers.

41. Defendants' intentional copying of the BRIZZY mark is itself strong evidence that the infringing Vizzy products are confusing consumers across the country. The fact that MillerCoors concedes having been aware of Future Proof's use of the BRIZZY mark is further evidence of MillerCoors's intent to copy.

42. Defendants' use of the VIZZY mark is an imitation of Future Proof's BRIZZY mark and is unauthorized. Such use of the VIZZY mark is already causing and will continue to cause irreparable injury to Plaintiff by destroying consumers' and distributors' unique association of the BRIZZY mark with Future Proof's products.

43. Plaintiff has no adequate remedy at law for Defendants' misconduct. Unless Defendants are enjoined and restrained from continuing their infringement, consumers will continue to be confused and Plaintiff's injuries will continue to occur.

44. Plaintiff is also entitled to recover from Defendants any gains, profits, and advantages as a result of Defendants' infringement, in an amount to be proven at trial.

45. Defendants' intentional and willful misconduct renders this an "exceptional case," entitling Plaintiff to treble damages and attorneys' fees pursuant to 15 U.S.C. 1117.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

46. Future Proof incorporates by reference all of the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

47. Future Proof owns all right, title, and interest in the registered trademark BRIZZY, which it has continuously used in commerce since at least September 2019, and for which its date of constructive first use is November 30, 2018.

48.   Defendants' unauthorized use in commerce of the VIZZY mark infringes Plaintiff's rights in the BRIZZY mark and violates 15 U.S.C. 1114 because it renders Defendants' product confusingly similar to Future Proof's well-known Brizzy® beverages. Defendants' unauthorized use of the VIZZY mark creates the erroneous impression in consumers' minds that Defendants' product has been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the BRIZZY mark. Such use constitutes a false designation of origin within the meaning of 15 U.S.C. 1125(a).

49.   Upon information and belief, Defendants chose to use the VIZZY mark with the intent to cause confusion among consumers and to deceive them into believing that Defendants' products are made by, endorsed by, or otherwise associated with Future Proof and its Brizzy® hard seltzer products.

50.   Defendants have profited from their unfair competition, and Plaintiff has suffered damages in an amount to be proven at trial.

51.   Defendants' intentional and willful misconduct in misleading consumers renders this an "exceptional case," entitling Plaintiff to treble damages and attorneys' fees pursuant to 15 U.S.C. 1117.

52.   Defendants' infringement is causing irreparable injury by confusing consumers and enabling Defendants to unlawfully profit by trading off of the goodwill and renown of Future Proof's BRIZZY mark. Plaintiff will continue to suffer such harm unless Defendants' infringing conduct is enjoined by this Court.

<u>**COUNT III**</u><br><u>**DECLARATORY JUDGMENT**</u>

53.   Future Proof incorporates by reference all of the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

54. Defendants' ongoing use of the VIZZY mark in connection with its hard seltzer products infringes Future Proof's registered BRIZZY mark.

55. Defendants are engaged in activities directed towards further unauthorized use of the VIZZY mark in a manner that its likely to cause confusion among the relevant public. As such, there is a substantial, immediate, and justiciable controversy between the parties in that Defendants seek to use the VIZZY mark in connection with hard seltzer products, which use infringes Future Proof's rights in its registered BRIZZY mark.

56. Plaintiff accordingly seeks in the alternative a declaratory judgment that further use by Defendants of the VIZZY mark in connection with the sale, marketing, or distribution of alcoholic beverages would infringe Future Proof's rights in the registered BRIZZY mark.

## REMEDIES INCLUDING INJUNCTIVE RELEIF

57. Future Proof incorporates by reference all of the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

58. Future Proof is entitled to monetary relief, including, (1) Defendants' trebled profits, (2) trebled damages sustained by Plaintiff, (3) statutory damages, and (4) the cost of this action. *See* 15 U.S.C. § 1117.

59. Future Proof is also entitled to injunctive relief. *See* 15 U.S.C. § 1116. More specifically, Plaintiff is entitled to a preliminary injunction and permanent injunction against Defendants and their officers, agents, representatives, and any person or entity acting on their behalf or at their direction from using the VIZZY mark in connection with the sale, marketing, and/or distribution of alcoholic beverages.

## ATTORNEYS' FEES

60. Plaintiff is entitled to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## JURY DEMAND

61. Plaintiff requests a trial by jury of all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court order and/or issue the following relief:

(1) Preliminarily and permanently enjoin Defendants from using the VIZZY mark in connection with the sale, marketing and/or distribution of alcoholic beverages;

(2) Award Plaintiff the amount of its damages and/or the amount of Defendants' profits arising from Defendants' unauthorized use of the VIZZY mark;

(3) Award Plaintiff three times its actual damages according to proof, as well as the costs of this action;

(4) Find this action to be an "exceptional case" such that Plaintiff be awarded its reasonable attorneys' fees;

(5) Declare that Defendants' continued unauthorized use of the VIZZY mark in connection with the sale, marketing, and/or distribution of alcoholic beverages would infringe Plaintiff's rights in its registered BRIZZY mark; and

(6) Award Plaintiff such other and further relief as this Court deems equitable and proper.

February 6, 2020                              Respectfully submitted,


                                              /s/ *Christopher J. Schwegmann*
                                              Christopher J. Schwegmann
                                              cschwegmann@lynnllp.com
                                              Texas Bar No. 24051315
                                              Kent D. Krabill
                                              kkrabill@lynnllp.com
                                              Texas Bar No. 24060115
                                              Chisara Ezie-Boncoeur
                                              Texas Bar No. 24103714
                                              cezie-boncoeur@lynnllp.com
                                              **LYNN PINKER COX & HURST, LLP**
                                              2100 Ross Avenue, Suite 2700
                                              Dallas, Texas 75201
                                              (214) 981-3800 Telephone
                                              (214) 981-3839 Facsimile

                                              Kirby Cronin
                                              Texas Bar No. 00793566
                                              kcronin@croninpllc.com
                                              **CRONIN PLLC**
                                              4301 Westbank Drive
                                              Building B, Suite 270
                                              Austin, Texas 78746
                                              (512) 703-1400 Telephone

                                              **ATTORNEYS FOR PLAINTIFF
                                              FUTURE PROOF BRANDS, LLC**